IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JONATHAN M. GOSNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:09-CV-030 |
| | ) |
| INTERSTATE DISTRIBUTOR CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This civil action was filed in the Chancery Court of Greene County, Tennessee. Defendant subsequently removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Now pending is "Plaintiff's Motion for Remand to State Court" [doc. 6]. Defendant has responded to the motion [doc. 9]. For the reasons stated herein, plaintiff's motion will be denied.

I.

*Background*

According to the complaint, plaintiff is a resident of Greene County; defendant is a Washington corporation; and the amount presently in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Defendant is plaintiff's former employer. Plaintiff alleges that defendant terminated his employment in retaliation for his filing a workers' compensation claim.

II.

*Timeliness of Removal*

In the motion for remand, plaintiff first argues that this case was not timely removed. His theories on this point are briefed as follows:

> The Defendant's Notice of Removal was not timely filed under 28 U.S.C. § 1446(b) that requires notice of removal within 30 days of service of process on the Defendant. *Further*, the Defendant failed to comply in a timely manner with Federal Rule of Civil Procedure (FRCP) Rule 7.1 that requires a non-governmental corporate party to disclose certain corporate information . . . .
>
> . . .
>
> . . . Defendant did not complete the filing of its Notice of Removal until March 5, 2009[,] with the filing of its corporate disclosure statement.

[Doc. 7, p.1; Doc. 6, p. 2] (emphasis added).

Based on plaintiff's use of the word "further," the court presumes that he is raising both a general timeliness objection *and* a specific argument pertaining to Rule 7.1. The basis for the general objection is unclear however, as plaintiff has made utterly no effort to brief any factual background indicating that removal was untimely, and he cites virtually no authority in support of his various novel theories.[1]

---

[1] Plaintiff's virtual failure to brief *any* facts or relevant legal authority on these issues does not meet the expectations and requirements of this court. *See* E.D. TN. L.R. 7.1(b) ("Briefs *shall* include a concise statement of the factual and legal grounds which justify the ruling sought from the court.") (emphasis added); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted).

2

Plaintiff's cursory arguments warrant equally minimal attention from the court. Even if every available point were to be presumed in plaintiff's favor, removal was timely. The record presently before the court shows the following:

1. Plaintiff filed his state court complaint on January 26, 2009.

2. Plaintiff served defendant via the Tennessee Department of State. On January 30, 2009, the Department of State mailed a summons and complaint to defendant, along with a cover letter dated January 29, 2009.

3. Defendant's notice of removal was received by this court on March 2, 2009, although the Clerk of Court did not place it on the docket until the following day.

4. Defendant filed its certificate of corporate interest on March 5, 2009.

The court again stresses that, other than briefly mentioning Rule 7.1, plaintiff has made no effort to set forth a timeline establishing that the removal was late. On the record before the court, removal was timely - even if it is assumed *arguendo*: (1) that service occurred on January 29, 2009 (the date of the Department of State's cover letter); and (2) that the filing of a corporate disclosure statement in any way impacts the date of removal.

A notice of removal must be filed within thirty days after a defendant's "receipt" of the initial pleading. *See* 28 U.S.C. § 1446(b). Assuming (solely for illustrative purposes) that this "receipt" took place on January 29 (the earliest date of record pertaining to service), defendant had thirty days, or until February 28, 2009, to file the notice of removal. Because February 28 fell on a Saturday, the thirty day period was extended to the next business day - Monday, March 2, 2009. *See* Fed. R. Civ. P. 6(a)(3). Three additional

3

days were then added pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, making the removal timely so long as it was filed by March 5. Assuming that there is any relationship whatsoever (which the court does not) between removal and the corporate disclosure statement, that statement was filed on March 5, and removal was thus timely even under plaintiff's unsupported (and novel) theory.

III.

*Federal Jurisdiction over Workers' Compensation Cases*

Plaintiff next argues that this court does not have subject matter jurisdiction. Pursuant to 28 U.S.C. § 1445(c), "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

The leading Sixth Circuit case interpreting § 1445(c) is *Harper v. AutoAlliance International*, 392 F.3d 195 (6th Cir. 2004). In *Harper*, the Sixth Circuit defined the circumstances in which a case "arises under" workers' compensation law.

> A civil action arises under a state workmens' compensation law when either (1) the workmens' compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmens' compensation law.

*Harper*, 392 F.3d at 203. Neither of the *Harper* considerations are present in the instant case.

Tennessee's workers' compensation statute does not expressly create a cause of action for retaliatory discharge. *See Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 445 (Tenn. 1984). Instead, that "common law tort action" was created by the Supreme Court of

4

Tennessee in *Clanton*. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 899 (Tenn. 1992); *accord Goin v. Bass Pro Outdoor World*, 437 F. Supp. 2d 762, 764-65 (W.D. Tenn. 2006).

Nor does this case appear to require resolution of a substantial question of Tennessee workers' compensation law. On this point, plaintiff argues that because he purports defendant's termination letter to be a "device" under § 50-6-114 of the Tennessee Code, "Interpretation of the statute in connection with the facts of this case is a matter for Tennessee courts and ultimately the Tennessee Supreme Court." [Doc. 7, p.2].[2] This court does not share plaintiff's belief that a "substantial question of workmens' compensation law" exists in this litigation.

It is well-settled under Tennessee law that a retaliatory discharge constitutes a "device" under § 50-6-114(a). *See Clanton*, 677 S.W.2d at 445. The term "device" under Tennessee's Workers' Compensation Law is broadly inclusive. *See, e.g., Royal Ins. v. R&R Drywall*, No. M2002-00791-COA-R3-CV, 2003 WL 21302983, at *4 (Tenn. Ct. App. June 6, 2003) (insurance forms and partnership statements are "devices"); *Elliott v. The Blakeford at Green Hills*, No. M2000-00365-COA-R3-CV, 2000 WL 1817228, at *5 (Tenn. Ct. App. Dec. 13, 2000) (silence and misdirection can be "devices"); *Wilkerson v. Standard Knitting Mills*, 1989 WL 120298, at *2 (Tenn. Ct. App. Oct. 11, 1989) (oral directive to medical provider is a "device").

---

[2] "No contract or agreement, written or implied, or rule, regulation *or other device*, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter [Tennessee's Workers' Compensation Law] . . . ." Tenn. Code Ann. § 50-6-114(a) (emphasis added).

5

In light of this authority, it takes little imagination to conclude that a letter conveying an allegedly retaliatory discharge is also a "device" under Tennessee law. Plaintiff has not persuaded the court that his case "necessarily depends on resolution of a substantial question of workmens' compensation law." Whether the termination letter is a "device" or not, plaintiff has presented the court with a standard common law tort claim of retaliatory discharge. That claim is removable. *See Harper*, 392 F.3d at 208.

IV.

*Conclusion*

For the reasons provided herein, plaintiff's motion for remand will be denied. An order consistent with this opinion will be entered. By separate order, the court will reset this case for a telephonic scheduling conference.

ENTER:

       s/ Leon Jordan     
United States District Judge

6